**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

_____X
In re:                              :
                                    :
Heartline Foods, Inc.,              :       Chapter 11
                                    :       Case No. 02-51288
         Debtor.                    :
_____X

*Appearances:*

| | | |
|---|---|---|
| Hale C. Sargent, Esq. | : | Attorney for Debtor |
| Sargent Sargent & Jacobs | : | |
| 830 Post Road East | : | |
| Westport, CT  06881 | : | |
| | | |
| Steven E. Mackey, Esq. | :: | Trial Attorney for the |
| Giaimo Federal Building | : | U.S. Trustee, Region 2 |
| 150 Court Street, Room 302 | : | |
| Neww Haven, CT  06510 | : | |

**MEMORANDUM AND ORDER
ON DEBTOR'S REQUEST FOR FINAL DECREE CLOSING CASE *NUNC PRO TUNC*
AND UNITED STATES TRUSTEE'S REQUEST TO ENFORCE CONSENT ORDER**

I.

The debtor filed a chapter 11 petition on October 16, 2002.  On April 13, 2005, the debtor's First Amended Chapter 11 Plan was confirmed (doc. #84).  On June 20, 2005, the debtor filed a Final Report with Application for Final Decree ("Application for Final Decree") (doc. #101).  A hearing was scheduled for July 26, 2005.  On that date, a docket entry was made indicating that the hearing on was marked "Off" because the debtor failed to appear.

On March 9, 2010, the United States Trustee ("UST") filed a Motion to Compel Filing of Monthly Operating Reports and Paying Chapter 11 Quarterly Fees ("Motion to

Compel") (doc. #112).  On April 9, 2010, the debtor filed an objection (doc. #128).  A hearing was scheduled for April 13, 2010.  On April 8, 2010, the debtor filed Monthly Operating Reports ("MORs") for the months of December 2004, and January through November 2005 (docs. ##116-127).  At the April 13, 2010 hearing, the parties advised the court that they had reached an agreement resolving their dispute.  Specifically, it was agreed that the debtor would file all outstanding MORs and pay all required quarterly fees by June 18, 2010.  It was also agreed that an affidavit of non-compliance would be filed by the UST in the event that the debtor was alleged to have failed to satisfy that obligation.  Further, if the UST's affidavit was verified, the case would be converted to chapter 7.  That agreement was "So Ordered" on April 27, 2010 ("Consent Order") (doc. #131).

On June 18, 2010, the debtor filed MORs for the months of December 2005, and March, June, September and December for the years 2006 through 2009, and March 2010 (docs. ##135-152).  On July 2, 2010, the UST filed an affidavit of non-compliance and a request for order converting the debtor's case to chapter 7, asserting that the debtor failed to file MORs for April and May 2010 and pay a claimed outstanding quarterly fees balance of $7,300 ( "UST Affidavit") (doc. #153).  On July 12, 2010, the debtor filed a MOR for the months of April through June 2010 (doc. #155).  On that date, the debtor also filed an opposing affidavit ("Debtor's Affidavit") (doc. #156).  In essence, the debtor argues that the court should grant its Application for Final Decree *nunc pro tunc* to June 20, 2005, thereby eliminating its obligation to pay quarterly fees and file MORs as provided by the Consent Order.

II.

To establish that *nunc pro tunc* relief is warranted, the requesting party must show that (1) if the application for relief had been made timely, the bankruptcy court would have granted the relief requested, and (2) the delay in seeking relief resulted from extraordinary circumstances.  *In re Keren Limited P'ship*, 189 F.3d 86, 87 (2d Cir. 1999).  In *In re Aquatic Development*, 352 F.3d 671 (2d Cir. 2003), the Second Circuit held that a debtor's three-year delay in seeking to close the case amounted to "simple neglect" which "does not constitute the extraordinary circumstances necessary to justify

*nunc pro tunc* relief" because the parties merely let this case "slip through the cracks". *Id.* at 679 (internal quotations omitted).

Here, the debtor's only explanation for its failure to timely prosecute its Application for Final Decree is that "[i]t appears to have been an unusual oversight" (doc. #164).  Without more, the debtor has failed to meet its burden of showing that its delay in closing the case resulted from extraordinary circumstances.  Finding the debtor fails to meet its burden on the second prong of the test, the court need not consider the first.  It therefore follows that the debtor's *nunc pro tunc* relief is denied.  Nonetheless, it is worthy of note that the effect of the debtor's attempted *nunc pro tunc* relief would be the elimination of the Consent Order

### III.

It is well-settled in the Second Circuit that "once reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart. . . ." *MacDonald v. Dragone Classic Motor Cars*, No. 3 95 Cv 499, 2003 U.S. Dist. LEXIS 14587, at *20 (D. Conn. Apr. 29, 2003).[1]  In this case, the Consent Order is a settlement agreement and, thus, a binding contract.  Furthermore, the settlement agreement was not only read into the record, but it was also memorialized in writing, and "So Ordered" by the court on April 27, 2010.

---

[1] In his July 30, 2010 Memorandum of Law  (doc. #163), Trial Attorney Steven E. Mackey incorrectly cited to *V'Soske v. Barwick*, 404 F.2d 495, 499 (2d Cir. 1968), as the source for this quotation.  The text of *V'Soske*, however, is silent as to the quoted language.  Rather, the court found that text in *MacDonald*.  Moreover, the *V'Soske* case is not relevant to whether a "So Ordered" stipulation is binding.  Instead, *V'Soske* addressed the more fundamental issue of whether or not a contract had been formed.

### *Conclusion*

For the foregoing reasons, IT IS HEREBY ORDERED that the debtor's request for *nunc pro tunc* relief is denied; and

IT IS FURTHER ORDERED that the debtor has thirty (30) days from the date of this order to comply with the Consent Order. If the debtor fails to do so, the case shall be converted to a case under Chapter 7 pursuant to the terms of the Consent Order.

Dated this 24th day of September 2010 at Bridgeport, Connecticut.

BY THE COURT

*/s/ Alan H. S. Shiff*

Alan H. S. Shiff
United States Bankruptcy Judge